UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEMAN WILLIAM STANTON,

   Plaintiff,

v.           Civil Action No. 17-1480 (CKK)

JOSEPH D. YOUNT, *et al.*,

   Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 16. For the reasons discussed below, the motion is granted.[1]

### I. BACKGROUND

Plaintiff entered the United States Air Force on July 6, 1971. Compl. at 2. His short career has been summarized as follows:

> On 10 July 71, [plaintiff] went absent without leave (AWOL) and voluntarily surrendered himself to authorities on 17 Jul 71. He was punished under Article 15, Uniform Code of Military Justice.
>
> On 19 Aug 71, [plaintiff] provided a statement indicating that he had a serious personal problem and that he was a homosexual. He further stated that he had engaged in numerous acts with other homosexuals prior to entering active duty and that he had been tempted to engage in homosexual acts while in the service.
>
> On 20 Aug to 17 Oct 71, he was placed in an AWOL status, and on 18 Sep 71, he was declared a deserter. On 18 Oct 71, he was

---

[1] The Court also lifts the stay imposed pursuant to the March 13, 2018 Minute Order, and denies as moot plaintiff's motions to compel, ECF No. 26, and to hold the case in abeyance, ECF No. 27.

1

> apprehended by civil authorities and turned over to military control on 28 Oct 71.
>
> On 12 Nov 71, after consulting counsel, [plaintiff] requested discharge for the good of the service. He signed a statement indicating he understood an undesirable discharge may deprive him of veterans' benefits and he may encounter substantial prejudice in civilian life. He further stated that he had used Lysergic Acid Diethylamide (LSD) about five or six times prior to entering the Air Force and, if standards had been different, he would not have been accepted into the military. Lastly, he was told he could be discharged for a character and behavior disorder (emotionally unstable personality based on drug use) . . .
>
> The staff judge advocate . . . recommended discharge with an undesirable discharge . . . . On 17 Nov 51 [sic], the discharge authority concurred and directed discharge.
>
> [Plaintiff's] DD Form 214 reflects he was discharged on 2 Dec 71, with a UOTHC discharge . . . .

Mem. of Law in Support of Def.'s Mot. to Dismiss ("Defs.' Mem."), Ex. A at 1-2; *see* Compl. at 2. The Air Force Discharge Review Board reconsidered the matter, and on March 20, 1972, and the Secretary of the Air Force denied plaintiff's application for a change in the type or nature of his discharge. Defs.' Mem., Ex. B.

On August 10, 2010, plaintiff applied for correction of his military record. *Id.*, Ex. C. He was under the impression that his undesirable discharge would have been upgraded automatically after seven years to an honorable discharge under Air Force standards in effect in the 1970s. *Id.* Plaintiff sought an upgrade to a general discharge. *Id.* The Air Force Board for Correction of Military Records ("AFBCMR") denied the application on March 15, 2011, based on its determination that "the evidence [plaintiff] presented did not demonstrate the existence of material error or injustice." *Id.*, Ex. D. It also denied plaintiff's request for reconsideration because plaintiff "provided no new relevant evidence." *Id.*, Ex. E.

On October 5, 2014, plaintiff applied for an upgrade to either an honorable or a general discharge, Compl. at 2, 4, and his application was treated as a request for reconsideration of his previous AFBCMR case, *see id.*, Ex. C. Plaintiff requested that his discharge be upgraded to honorable or general because of a pre-existing condition he had at the time of his enlistment and discharge, namely birth defects of his spine. *See generally id.*, Ex. F. On April 5, 2016, the AFBCMR denied reconsideration because "there was insufficient evidence of an error or injustice to warrant corrective action." Defs.' Mem., Ex. G.

Undaunted, on November 30, 2016, plaintiff submitted another application, asserting:

> The Air Force Review Board committed an error and injustice towards me by not honoring Military Policy, abuse of authority and discriminatory decision regarding my Discharge not being corrected . . . and ADA regarding sufficient evidence.

*Id.*, Ex. H. According to plaintiff, the AFBCMR has not issued its decision. Pl.'s Mot. for Leave to Have This Civil Action Held in Abeyance for a Second Time, ECF No. 27 at 2.

Plaintiff alleges that he was qualified for an entry level separation due to his mental impairments, *see* Compl. at 5-6, or, in the alternative, that he is entitled to an honorable discharge due to a pre-existing medical condition, *see id.* at 6-7. Further, he alleges that the decision to deny an upgrade of his discharge or correction of his records violates rights protected by the Fifth and Eighth Amendments to the United States Constitution. *See id.* at 8-10. Because the AFBCMR has "abuse[d its] authority by not granting the . . . upgrade or correction of his . . . discharge," plaintiff demands "every benefit and . . . compensation as a veteran," plus compensatory and punitive damages, *id.* at 11, totaling $600,000, *id.* at 12.

## II. DISCUSSION

The Court construes plaintiff's claim for correction of military records as one under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.* Defendants move to dismiss the

complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Specifically, defendants argue that the "complaint should be dismissed under the prudential ripeness doctrine, which counsels courts against deciding premature disputes." Defs.' Mem. at 8. Here, defendants maintain, the APA claim is premature, as the AFBCMR has not yet issued a decision with respect to plaintiff's November 2016 application for correction of his military record. *See id.* at 6, 8-9.

Plaintiff countered that his "complaint is ripe for judicial review" because it pertained to the "final decision made by the [AFBCMR in] April . . . 2016[.]" Reply Brief to Defs.' Resp., ECF No. 20 at 7; *see generally* Compl., Ex. I. In subsequent filings, however, plaintiff sought to delay these proceedings pending the AFBCMR's decision on the November 2016 application. *See* Motion for Leave to Have This Civil Action Held in Abeyance at 2 (noting that plaintiff "has recently filed another Application with the Air Force Board under newly discovered evidence," and that he was "awaiting a decision on this Application . . . which could very well by a determing [sic] and relevant factor in this Civil Action"); Motion for Leave to Have This Civil Action Held in Abeyance for a Second Time at 2 (noting that plaintiff "is still waiting the decision from the Air Force Review Board regarding the requested military upgrade").

The court's jurisdiction is limited to resolving cases or controversies. U.S. Const. art III, § 2. "In an attempt to give meaning to Article III's case-or-controversy requirement, the courts have developed a series of principles termed 'justiciability doctrines,' among which are standing ripeness, [and] mootness[.]" *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The ripeness doctrine generally deals with when a federal court can or should decide a case." *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012). Its basic purpose "is to prevent the courts,

through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (footnote omitted), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Even if a claim were ripe constitutionally, it still may not be fit for judicial review on prudential grounds. *See Wyoming Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 48 (D.C. Cir. 1999). A prudential ripeness analysis calls for a "two-pronged balancing test: first, a court must evaluate the 'fitness of the issue for judicial decision'; and second, a court must consider 'the hardship to the parties of withholding [its] consideration.'" *Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States*, 85 F. Supp. 3d 250, 269 (D.D.C. 2015) (quoting *Abbott Labs.*, 387 U.S. at 149) (brackets in original).

Insofar as plaintiff seeks to delay these proceedings pending the AFBCMR's decision on his November 2016 application, he concurs with defendants' representation that his APA claim is not yet fit for judicial review. The Court sees no undue hardship to any party if judicial review were postponed.

### III. CONCLUSION

The Court concludes that plaintiff's APA claim is not yet ripe and, therefore, grants defendants' motion to dismiss. In addition, the Court denies plaintiff's motions to compel and to hold this case in abeyance. An Order is issued separately.

DATE: October 30, 2018

COLLEEN KOLLAR KOTELLY
United States District Court Judge

5